UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ALAN PRICHARD**, <br><br> Plaintiff, <br><br> v. <br><br> **MICHIGAN DEPARTMENT OF CORRECTIONS, et al.**, <br><br> Defendants. | 2:20-cv-12844 <br><br> **ORDER DISMISSING CLAIMS AGAINST DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS AND MCCREADIE** |

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff, Alan Prichard, is incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Plaintiff brings suit against the Michigan Department of Corrections, and MDOC employees Dr. Donald Weikum and Diane McCreadie. Plaintiff claims that Defendants have refused to treat him for dental cavities for a period in excess of three years. For the reasons that follow, the Court will summarily dismiss the case with respect to Defendants Michigan Department of Corrections and Diane McCreadie. The case will proceed against Defendant Weikum.

## I. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair

1

notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim

2

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Background

The following factual allegations are set out in the complaint and attached. On November 8, 2017, Plaintiff began his period of incarceration with the MDOC. ECF No. 1, PageID3. Pursuant to MDOC policy, he asserts that he was not eligible for routine dental care for a period of two years. *Id*. Plaintiff states that he was evaluated soon after his incarceration at the Reception and Guidance Center, and he was informed that he had four dental cavities, but because they were not considered urgent, he was required to wait the two-year period before he was eligible for treatment. *Id*.

Plaintiff states that when he was finally eligible for treatment on November 21, 2019, he was placed on the waiting list for routine dental repairs. Plaintiff was informed in February 2020, that the dental unit was at time seeing patients who were added to the list in September 2019, so it would be "a while longer" before he was seen. *Id*.

Plaintiff was seen by Defendant Weikum on March 4, 2020, where he complained of tooth pain due to his cavities. He was told that his only option at that time was extraction, which Plaintiff declined. When he filed a grievance for not having been offered fillings instead, Plaintiff was

3

informed that non-emergency dental services were not being performed because of conditions related to the COVID-19 pandemic. An April 16, 2020, grievance response indicated that "fillings do not meet the criteria for an emergent condition that must be treated immediately." ECF No. 1, PageID.10.

Plaintiff continued to complain, and a kite response dated July 20, 2020, indicated that due to COVID-19, dental services were still not back to normal operations, and non-urgent fillings like his would be scheduled after normal operations resumed. A September 15, 2020, kite response indicated that the dental unit was still waiting to hear from the central office when normal operations could resume. An October 8, 2020, kite response indicated that dental was still working on a plan to resume operations.

Plaintiff complained later in October that he had waited over three years for fillings, and he was concerned that any further delay and resulting deterioration would result in the loss of the teeth. ECF No. 1, PageID.26. Another kite response indicated that the health plan had still not been finalized.

### III. Discussion

Plaintiff claims a violation of his right to constitutionally adequate medical and dental care under the Eighth Amendment. The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 (1976), that the deliberate indifference to a serious medical need of a prisoner constitutes

4

unnecessary and wanton infliction of pain in violation of the Eighth Amendment. The claim is comprised of an objective and a subjective component. "The objective component requires the plaintiff to show that the medical need at issue is 'sufficiently serious.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "As the Supreme Court explained in *Farmer*, '[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

To satisfy the subjective component, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 939 (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). "Dental needs fall into the category of serious medical needs because dental care is one of the most important needs of inmates." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th

5

Cir. 2008)) (internal quotation marks omitted). "Nevertheless, not all dental problems constitute serious medical needs. Rather, '[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities.'" *McCarthy*, 313 F. App'x at 814 (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)); *see also Kyles v. Care & Comfort Comm.*, 2019 WL 480519, at *2 (E.D. Wis. Feb. 7, 2019) (noting that "[s]everal courts have held that dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need;" finding that an inmate who "does not allege that he suffered any pain or that the delay in getting his teeth cleaned caused him any harm" does not present a serious need.).

In *McCarthy*, the Sixth Circuit found that the inmate adequately alleged a serious medical need based on a cavity and "significant pain and discomfort" that went untreated for more than seven months, resulting in difficulty eating solid foods. 313 F. App'x at 814. Similarly, the Sixth Circuit in *Flanory* found that although a temporary deprivation of hygiene items would not satisfy the objective component of a medical needs claim, the complete deprivation of toothpaste for 337 days resulting in toothache, periodontal gum disease, and the need to extract a tooth was sufficient to establish a cognizable claim for denial of necessary care,

6

as it resulted in physical injury that was more than de minimis. 604 F.3d at 254.

Here, reading Plaintiff's pro se pleading indulgently, *Haines*, 404 U.S. at 520, Plaintiff has adequately pled facts in support of the objective component of a deliberate-indifference claim. He claims that he suffers from multiple cavities that have gone untreated for more than three years, that he experiences dental pain as a result, and that the likelihood exists that a continued denial of treatment will result in the unnecessary loss of the teeth.

With respect to the subject component of the claim, again reading the complaint indulgently, Plaintiff has adequately pled facts asserting that Defendant Weikum, his treating dentist, was deliberately indifferent to his dental condition when he refused to repair the teeth and offered instead to extract them.

With respect to Defendant McCreadie, a dental assistant, the complaint is devoid of allegations that she was deliberately indifferent to Plaintiff's condition. Plaintiff fails to allege facts showing that, as a dental assistant, McCreadie had the authority or ability to treat his condition or order treatment. A complaint must allege facts showing that each named defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability. *See Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995). Defendant McCreadie will therefore be dismissed from the case.

Plaintiff's claims against Defendant MDOC must also be dismissed. It is well established that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984)). As a state agency, MDOC is entitled to immunity from civil rights suits in federal court. *Adams v. Calhoun Cty.*, 2019 WL 3501815, at *2 (6th Cir. Apr. 24, 2019).

## CONCLUSION

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss the complaint for Plaintiff's failure to state a claim against Defendants Michigan Department of Corrections and Diane McCreadie. The case will proceed against Defendant Dr. Donald Weikum.

**IT IS SO ORDERED.**

Dated: February 23, 2021     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE