UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN PRICHARD,                               Case No. 20-12844
                    Plaintiff,
v.                                           Terrence G. Berg
                                             United States District Judge
DONALD WEIKUM,
                    Defendant.               Curtis Ivy, Jr.
_____/            United States Magistrate Judge

## REPORT AND RECOMMENDATION:
## RULE 41(b) DISMISSAL

Plaintiff Alan Prichard filed this case without the assistance of counsel on October 16, 2020. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 28). This matter is presently before the Court regarding Plaintiff's failure to prosecute this case.

On December 9, 2022, the sole remaining Defendant moved for summary judgment. (ECF No. 33). Plaintiff was ordered to respond to that motion on or before February 24, 2023. (ECF No. 35). To date, Plaintiff has not filed a response brief. On March 6, 2023, the Court issued an Order to Show why the Court should not recommend the motion for summary judgment be granted or, allowed Plaintiff to file a response brief. (ECF No. 38). The deadline to either show cause or respond to the motion for summary judgment was April 5, 2023. (*Id.*). In this Order, the Court warned "**[f]ailure to timely or adequately respond**

1

**to this Order to Show Cause will result in a report and recommendation that the motion for summary judgment be granted and/or that this case be dismissed for Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b).**" (*Id.* at PageID.245) (emphasis original).

To date, Plaintiff has not responded to the motion for summary judgment or the Order to Show Cause as required. Thus, for the reasons below, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and the pending motion for summary judgment (ECF No. 33) be **TERMINATED** as moot.

I.     ANALYSIS AND CONCLUSIONS

Pursuant to Federal Rule of Civil Procedure 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*,

2

*Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).  Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Id.* at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang*, *Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.  As for the first factor, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. May 27, 2008).  In any event, "defendants cannot be expected to defend an action" that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.  For these reasons, the first and second factors weigh in favor of dismissal.

3

Based on the warnings given to Plaintiff, the third factor also weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, disregarded court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at \*2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at \*2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty. of Saginaw*, 2019 WL 5957234, (E.D. Mich. Oct. 21, 2019), *report and recommendation adopted*, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019).

Despite the Court's warning that the dispositive motion would be granted, and that his action may be dismissed, Plaintiff failed to respond to the Court's Order to show cause. In the Order to show cause, the Court explicitly warned that "**[f]ailure to timely or adequately respond to this Order to Show Cause will result in a report and recommendation that the motion for summary judgment be granted and/or that this case be dismissed for Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b)**." (ECF No. 38, PageID.245) (emphasis original). Despite this clear warning, Plaintiff has provided no good reason why

4

the undersigned should not recommend the complaint be dismissed. *See Labreck*, *2.

Finally, given Plaintiff's failure to respond to the motion for summary judgment or the Court's Order to Show Cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). That said, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2.

For these reasons, the undersigned concludes Plaintiff has effectively abandoned his case by repeatedly failing to follow the Court's orders. Under these circumstances, dismissal with prejudice is appropriate.

## II.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil

5

Procedure 41(b) and the pending motions be **TERMINATED** as moot.  (ECF No. 33).

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

6

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.


Date: April 18, 2023                    s/Curtis Ivy, Jr./s
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on April 18, 2023.


                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850

7